## BUIE *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 33, September Term, 1957.]

*Decided November 20, 1957.*

■■■■■

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

The applicant for leave to appeal from a denial of a writ of *habeas corpus* by Judge Raine of the Circuit Court for Baltimore County is serving a seven year sentence in the House of Correction for assaulting a guard at Patuxent Institute.

The applicant contends that he was not responsible for his actions at the time of the assault, because drugs which he alleges he obtained from a dishonest guard aggravated the mental abnormality from which he has suffered since he was struck a hard blow on the head at the age of nine. The record does not show whether the issue of petitioner's sanity was raised at the trial or was decided adversely to him, but in any event, the question of his mental responsibility at the time of the offense charged cannot be raised in a *habeas corpus* proceeding. *Kohnen v. Warden,* 202 Md. 658, 659.

Applicant's complaint that his sentence after conviction constituted double jeopardy because he was restrained in solitary confinement pending trial is equally without merit. We have held repeatedly that claim of double jeopardy cannot serve as a ground for *habeas corpus. Alisworth v. Warden,* 205 Md. 635, 636.

*Application denied, with costs.*